UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIANNA LOPAZA,<br>Individually and on behalf of all<br>Michigan Employees of Evolution,<br>New Jersey, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>EVOLUTION NEW JERSEY, LLC,<br><br>    Defendant. | Case No.<br><br>Hon.<br><br>**COLLECTIVE ACTION**<br>**FAIR LABOR STANDARDS ACT**<br><br>**CLASS ACTION**<br>**IMPROVED WORKFORCE**<br>**OPPORTUNITY WAGE ACT** |

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in the complaint.

**COLLECTIVE AND CLASS ACTION**
**COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff Brianna Lopaza, individually and on behalf of all

Michigan employees of Evolution New Jersey, LLC ("Plaintiffs"), by and through

her attorneys, HURWITZ LAW PLLC, and hereby states the following for her Complaint against Evolution New Jersey, LLC ("Defendant"):

## INTRODUCTION

1. Prior to her baseless termination, Plaintiff served Defendant as an Online Casino dealer. Suddenly, and without cause, Defendant terminated Plaintiff upon her return from protected medical leave after Plaintiff required three weeks of bed rest to recover from a miscarriage. Realizing its mistake, Defendant re-hired Plaintiff, only to immediately terminate her again following her valid request for backpay to offset the financial loss she assumed between her wrongful termination and rehiring.

2. Worse yet, throughout the duration of her employment, Defendant refused to compensate Plaintiff any overtime pay, as has been Defendant's practice with its Michigan employees. Plaintiff therefore brings this collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. and class action under the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.931 *et seq*. Plaintiff also brings an individual claim pursuant to Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), M.C.L. 37.1103(d). Plaintiff seek unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and other relief against Defendant Evolution New Jersey, LLC.

## PARTIES AND JURISDICTION

3. Plaintiff is an individual residing in the City of Detroit, County of Wayne, State of Michigan.

4. Defendant is a foreign limited liability company with a registered agent in the City of Plymouth, County of Wayne, State of Michigan.

5. The U.S. District Court for the Eastern District of Michigan has subject matter jurisdiction over claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the claim under the Improved Workforce Opportunity Wage Act ("IWOWA") pursuant to 28 U.S.C. § 1367, as well as Michigan's Persons with Disabilities Civil Rights Act of 1976 ("PWDCRA") pursuant to M.C.L. § 37.1101 *et seq.*

6. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant regularly conducts business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7. Defendant employed Plaintiff as an Online Casino Dealer from April 2022 until her termination on July 27, 2022, then re-hired Plaintiff on August 1, 2022, only to immediately terminate her again on the same day.

8. Defendant wrongfully terminated Plaintiff on July 27, 2022, because Defendant incorrectly alleged that it did not receive adequate documentation to substantiate Plaintiff's medical condition.

9. Defendant terminated Plaintiff on August 1, 2022 because she rightfully requested back pay for the period of time between her wrongful termination and her August 1, 2022 re-hiring.

10. In late June 2022, Plaintiff suffered a miscarriage.

11. Plaintiff could not work for three weeks after her miscarriage because she was limited to bed rest.

12. After Plaintiff informed Defendant of her condition, Defendant informed Plaintiff that she did not need to work again until July 8, 2022.

13. On July 8, 2022, Plaintiff returned to work and submitted all medical documentation corroborating her condition to Defendant.

14. However, on July 27, 2022, Defendant informed Plaintiff that it had not received adequate documentation from Plaintiff to corroborate her condition and/or justify her absence from work.

15. Defendant subsequently terminated Plaintiff on July 27, 2022 due to her lack of attendance for the period Plaintiff was medically restricted to bed rest.

16. The following day, on July 28, 2022, Plaintiff presented to Defendant's Human Resources Department to prove that she had in fact sent her medical documentation to Defendant.

17. That same day, on July 28, 2022, Defendant's Human Resources Department indicated to Plaintiff that the situation would be fixed, and that

Defendant would re-hire Plaintiff.

18. Defendant re-hired Plaintiff on August 1, 2022 and instructed her to return to work on August 2, 2022.

19. After Defendant re-hired Plaintiff, Plaintiff called Defendant to inquire about receiving back pay for the time between her wrongful termination and her re-hiring.

20. During the August 1, 2022, phone call, Defendant told Plaintiff that its Human Resources department would contact her with further information regarding her request for back pay.

21. The same day, on August 1, 2022, Defendant called Plaintiff and terminated her for the second time.

22. Defendant did not provide Plaintiff any justification for terminating Plaintiff a second time.

23. Moreover, throughout the course of her employment, Defendant consistently did not compensate Plaintiff for her overtime work.

24. Plaintiff's paystub demonstrates that prior to her termination on July 27, 2022, Defendant did not pay Plaintiff for any overtime work.

25. The proposed collective action class is defined as "all of Defendant's current or former Michigan employees who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this

litigation."

# COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FLSA") ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL MICHIGAN EMPLOYEES OF EVOLUTION NEW JERSEY, LLC (UNPAID OVERTIME WAGES)

26. Plaintiff incorporates the allegations in the foregoing paragraphs.

27. Plaintiffs are former and current "employees" within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*.

28. Defendant was and continues to be an "enterprise engaged in interstate commerce or in the production of goods" within the meaning of 29 U.S.C. § 203.

29. Plaintiffs were deprived of proper overtime compensation.

30. Defendant's conduct in this regard was knowing and willful.

31. Plaintiffs and all other similarly situated employees were and are being deprived of earned wages in amounts to be determined at trial.

32. Plaintiffs are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

33. The proposed "opt in" collective action pursuant to 29 U.S.C. § 216(b) is defined as "all of Defendant's current or former Michigan employees who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation."

34. Plaintiffs reserve the right to amend said collective action definition consistent with information obtained throughout the course of discovery.

**COUNT II**
**VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNTY WAGE ACT ("IWOWA") ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL MICHIGAN EMPLOYEES OF EVOLUTION NEW JERSEY, LLC**
**(UNPAID OVERTIME WAGES)**

35. Plaintiff incorporates the allegations in the foregoing paragraphs.

36. Plaintiffs are former and current "employees" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"), MCL § 408.932.

37. Defendant was and continues to be an "employer" within the meaning of the Improved Workforce Opportunity Wage Act ("IWOWA"). *Id.*

38. "An employer shall not pay any employee at a rate less than prescribed" pursuant to IWOWA. *Id.* 408.933.

39. Plaintiffs were deprived of proper overtime compensation.

40. Defendant's conduct in this regard was knowing and willful.

41. Plaintiffs and all other Michigan employees of Defendant were and are being deprived of earned wages in amounts to be determined at trial.

42. Plaintiffs are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

43. Plaintiffs seek to certify their claims under ("IWOWA") as a class

7

action under Fed. R. of Civ. P. 23.

44. The proposed class is defined as "all of Defendant's current or former Michigan employees who worked for Defendant at any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation."

45. Plaintiffs reserve the right to amend said class definition consistent with information that will be obtained through the course of discovery.

### COUNT III
### RETALIATION IN VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT ("PWDCRA") ON BEHALF OF PLAINITFF, INDIVIDUALLY

46. Plaintiff incorporates the allegations in the foregoing paragraphs.

47. Plaintiff has a disability as defined by Michigan's Persons with Disabilities Civil Rights Act, M.C.L. 37.1103(d).

48. Defendant retaliated against Plaintiff for her justified request for back pay, by and through its agents, servants, and/or employees, by acts including, but not limited to, terminating Plaintiff.

49. Defendant's adverse actions violate the PWDCRA, MCL 37.1202.

50. As a direct and proximate result of Defendant's violation of the PWDCRA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

51. As a further direct and proximate result of Defendant's violation of the

PWDCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future.

52. Plaintiff has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

a. Designation of this action as a collective action pursuant to the Fair Labor Standards Act and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Designation of this action as a class action pursuant to the Improved Workforce Opportunity Wage Act ("IWOWA") and prompt issuance of notice;

c. An award of unpaid overtime wages under federal and state law;

d. An award of liquidated damages under federal and state law;

e. Compensatory damages for monetary and non-monetary loss;

f. Exemplary and punitive damages;

g. Prejudgment interest;

a. Attorneys' fees and costs under federal and state law; and

b. Such other relief as in law or equity may pertain.

                                                     Respectfully Submitted,
                                                     HURWITZ LAW PLLC

                                                   /s/ *Noah S. Hurwitz*
                                                   Noah S. Hurwitz (P74063)
                                                   Attorneys for Plaintiffs
                                                   617 Detroit St., STE 125
                                                   Ann Arbor, MI 48104
                                                   (844) 487-9489

Dated: October 2, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIANNA LOPAZA,<br>Individually and on behalf of all<br>Michigan Employees of Evolution,<br>New Jersey, LLC,<br><br>         Plaintiffs,<br><br>v.<br><br>EVOLUTION NEW JERSEY, LLC,<br><br>         Defendant. | Case No.<br><br><br>Hon.<br><br>**COLLECTIVE ACTION**<br>**FAIR LABOR STANDARDS ACT**<br><br>**CLASS ACTION**<br>**IMPROVED WORKFORCE**<br>**OPPORTUNITY WAGE ACT** |

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (85633)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com
grant@hurwitzlaw.com
kara@hurwitzlaw.com

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff Brianna Lopaza, individually and on behalf of all Michigan employees of Evolution New Jersey, LLC, by and through their attorneys,

11

Hurwitz Law PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

                                                  Respectfully Submitted,
HURWITZ LAW PLLC

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiffs
617 Detroit St., STE 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: October 2, 2022